IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BEAU HARLEN, *o/b/o*
Brandson B. McCusker, (deceased)                          PLAINTIFF

vs.                          Civil No. 5:25-cv-05081

FRANK BISIGNANO,                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Beau Harlen, on behalf of, Brandson B. McCusker, deceased, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff filed his disability application on August 26, 2019. (Tr. 15).[1] In his application, Plaintiff alleges being disabled due to knee pain, back pain, depression, and anxiety. (Tr. 401, 417). Plaintiff alleged an onset date of June 5, 2018. (Tr. 15). Plaintiff's application was denied initially and again upon reconsideration. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 6. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 15).[2] An initial hearing was held before Administrative Law Judge ("ALJ") Trace Baldwin on April 13, 2022. (Tr. 36-41). Following this hearing, the case was reassigned to ALJ Katherine Brown. (Tr. 15). On September 18, 2023, ALJ Brown held an administrative hearing and heard testimony from Dr. Jerisa Berry, a medical expert, and Lilia Rascon, a vocational expert. (Tr. 42-67). Beau Harlan, the substitute party, did not appear for the hearing, and the ALJ sent a show cause notice for his failing to appear. (Tr. 15). Mr. Harlan responded, and the ALJ found good cause for his absence. *Id.* A subsequent hearing was held on February 27, 2024, and Mr. Harlen provided testimony at this hearing. (Tr. 68-69).

Following the administrative hearings, on April 3, 2024, the ALJ entered an unfavorable decision. (Tr. 15-25). In this decision, the ALJ determined Plaintiff met the insured status of the Act through March 31, 2021. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since June 5, 2018. (Tr. 18, Finding 2).

The ALJ then determined Plaintiff had severe impairments of depression/bipolar disorder (a depressive disorder), personality disorder, and substance use disorder. (Tr. 18, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 19, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 20-23). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also

---

[2] Plaintiff, Brandson McCusker, died on November 10, 2020, while his application was pending at the administrative level. (Tr. 15). Plaintiff's father, Beau Harlan, was then substituted as the party Plaintiff. *Id.*

determined Plaintiff retained the RFC to perform work at all exertional levels but would be limited to occasional interaction with coworkers and the public and occasional changes in the work setting. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ determined there was insufficient evidence to evaluate his PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) marker with approximately 136,700 jobs in the nation, (2) cleaner, housekeeping with approximately 177,000 jobs in the nation, and (3) car wash attendant with approximately 33,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act from June 5, 2018, through the date of his death. (Tr. 25, Finding 11).

On April 15, 2025, Plaintiff filed the present appeal. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 8. In making this claim, Plaintiff argues the ALJ erred (1) in the RFC determination and (2) by failing to properly evaluate Plaintiff's impairments to his cause of death. *Id.* In response, Defendant argues the ALJ did not err in any of her findings. ECF No. 10.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Although Plaintiff argues the ALJ erred in the RFC determination, based upon a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 20-23). The mere fact Plaintiff suffers from several impairments does not demonstrate he has more limitations than those found in the RFC assessment.

Plaintiff also argues the ALJ did not consider whether Plaintiff's prior history of methicillin-resistant staphylococcus aureus (MRSA) infection could have contributed to his cause of death. A review of the record shows no objective evidence to support Plaintiff contention that MRSA possibly contributed to his death of aspiration of pneumonia.

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

### 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of January 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE